[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
In this two count amended complaint the plaintiff Lewis Epstein seeks to recover monetary damages from Walter J. Kupchunos, the High Sheriff of Hartford County; the Connecticut Sheriff's Advisory Board (the Board); and James A. Gasecki, the fiscal administrative manager of the Board. Plaintiff alleges he was appointed a special deputy sheriff in November, 1980, and served under several high sheriffs since then. On April 1, 1995, he was hospitalized, and when he reported to work after recuperation, he was told that his position was not available, because a new high sheriff had taken office. The new sheriff, Kupchunos, subsequently reappointed the plaintiff and he was sworn in on September 28, 1995.
The plaintiff alleges that on November 2, 1995 Kupchunos ordered him to participate in a training program mandated by Public Act 94-177 which required the Sheriff's Advisory Board to implement a training program for new sheriffs to take effect October 1, 1995. Now codified at General Statutes § 6-32b, the statute includes an exemption for "[a]ny person who is a deputy sheriff or special deputy sheriff on September 30, 1995." On November 14, 1995, the Board and Gasecki notified Kupchunos that the plaintiff had failed a portion of the training program and that he could not continue to be employed as a special deputy sheriff. On November 18, 1995, Kupchunos notified him that he was no longer employed.
Count one is brought against Kupchunos, the Board and Gasecki, claiming that they violated the statute by requiring that he complete the training course as a condition of his employment because he came within the statutory exemption, having been reappointed on September 28, 1995. Count two is against Kupchunos only and claims that he terminated the plaintiff without just cause in violation of General Statutes § 6-43 which reads in relevant part: "such special deputies shall continue to hold their office as long as the term of office of the sheriff CT Page 11932 appointing them, unless sooner removed for just cause after due notice and hearing."
The defendants filed a motion to strike both counts of the complaint on May 8, 1997 on the ground that neither § 6-32b nor § 6-43 provides the plaintiff with a private cause of action. They also argue that the individual defendants are immune from liability under General Statutes § 4-165 and that the claims for monetary relief are not authorized by law.
 — I —
The plaintiff concedes that neither statute explicitly provides a private cause of action, but argues thatAntinerella v. Rioux, 229 Conn. 479, 495 (1994), which also involved the termination of a deputy sheriff, makes it clear that a private cause of action pursuant to a statute prohibiting certain conduct affords him a remedy for damages. In that case, the plaintiff claimed that the sheriff discharged a deputy for the purpose of obtaining his business to benefit further from an illegal fee splitting arrangement he had with other deputies. The fee splitting arrangement was cause for removing the sheriff from office under General Statutes §§ 6-36 and 6-46. In determining whether these statutes might afford a private cause of action, the court, applying the rule of statutory construction that "[w]hen the legislature has authorized supplementary private causes of action, it has done so expressly," found that §§ 6-36 and 6-46 did not expressly provide a private cause of action, but held that the plaintiff had "a common law action for an at-will employee whose employment has been terminated in violation of a distinct public policy" derived from these statutes.Antinerella v. Rioux, supra, 229 Conn. 496.
In order to state a claim for wrongful discharge the plaintiff must allege a violation of a public policy.Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 478
(1980); Carbone v. Atlantic Richfield Co., 204 Conn. 460,468 (1987). The plaintiff does not identify any public policy embodied in §§ 6-32b and 6-43 that was violated by his termination. Moreover, it appears that the common law remedy of wrongful discharge is no longer available to deputy sheriffs by virtue of Public Act 94-177, which added CT Page 11933 the just cause provision to General Statutes § 6-43. Section 6-43 now provides deputy sheriffs protection from wrongful termination by providing that discharge can only be for cause after notice and a hearing. When Antinerella was decided, deputy sheriffs were at-will employees and the high sheriff had "unbridled discretion to terminate a deputy's employment." Antinerella v. Rioux, supra, 229 Conn. 496;Sheets v. Teddy's Frosted Foods, Inc., supra, 179 Conn. 476. An employee protected by a just cause provision does not have a common law action for wrongful discharge in violation of public policy. "As an exception to the general rule that contracts of employment are terminable at will, `the right to recover in tort for wrongful discharge extends only to employees at will.'" Tomlinson v. Board of Education,226 Conn. 704, 730 n. 18 (1993), quoting D'Ulisse-Cupo v. Boardof Directors of Notre Dame High School, 202 Conn. 206, 211
n. 1 (1987).
Count one, which only alleges that plaintiff's termination was in violation of General Statutes § 6-32b, is thus insufficient at law.
 — II —
In count two, the plaintiff alleges that on April 22, 1996, the Superior Court ordered Kupchunos to conduct a hearing as required by § 6-43 within thirty days. A hearing was held, with Kupchunos presiding. Among the evidence presented was a certificate of completion received by the plaintiff on May 17, 1995 for that portion of the training program he had previously failed. On July 2, 1996, Kupchunos notified the plaintiff that he was terminated for just and proper cause. The plaintiff claims that the decision was "contrary to law, contrary to the evidence presented to [Kupchunos], arbitrary, capricious, and illegal."
The defendants claim that the hearing the plaintiff had before the sheriff is a "contested case" for the purposes of the Uniform Administrative Procedures Act (UAPA), making the plaintiff's only recourse an appeal pursuant to General Statutes § 4-183.
A contested case is "a proceeding . . . in which the legal rights, duties or privileges of a party are required CT Page 11934 by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . ." General Statutes § 4-166(2); Lewis v. GamingPolicy Board, 224 Conn. 693, 700 (1993). Because § 6-43
requires that the plaintiff receive a hearing before being deprived of his employment, the hearing fits within the definition of a "contested case." He would, therefore, be entitled to appeal the decision to the Superior Court under § 4-183. He did not, however, file an appeal, even though the language of the allegations reflects the standard provided for judicial review of the decision under § 4-183(j)(5) and (6). Moreover, the forty-five day appeal period set forth in § 4-183(c) has long since passed, the plaintiff having been notified of the sheriff's decision on July 2, 1995, but he did not initiate this action until February 16, 1996.
It is possible that plaintiff, as a public employee who may be discharged only for cause has a constitutionally protected property interest in his continued employment.Hunt v. Prior, 236 Conn. 421, 437 (1996), and that his wrongful termination may amount to a violation of due process which may be raised not only in an appeal pursuant to General Statutes § 4-183(j)(1); Bartlett v. Krause,supra, 209 Conn. 352; but also be a § 1983 claim. Tedescov. Stamford, supra, 222 Conn. 233. However, no constitutional violations have been raised in this case.
Since neither counts one or two allege causes of action which are sufficient under Connecticut law, the motion to strike counts one and two is granted.
Jerry Wagner Judge Trial Referee